Wright, J.
The indictment charged the defendant with uttering a certain false, forged and counterfeited instrument in writing, which was set forth in full in such indictment, and purported to be # well-recognized commercial instrument, viz.: a certified bank check. 'The evidence disclosed that the defendant brought the false instrument in the precise form in which it is set forth in the indictment, to the banking firm of Livermore, Clews & Co., and uttered and used it for the purchase of treasury notes to the amount of twenty-five hundred *188 dollars; and it was affirmatively shown that a part of the instrument or writing thus uttered as an entirety, viz., the words of certification, were false. There was no evidence • given by the defendant, and none appeared throughout the trial, tending to show that the instrument so uttered as an entirety was in any part valid, or true as an original check of the drawer, or that it ever" had any other existence than in the entire form of figures and words in which it was uttered and set out in the indictment. It is a felony by statute to utter or publish as true, with intent to defraud, and knowing it to be false, any forged, altered or counterfeited “ instrument or writing, being or purporting to be the act of another by which any pecuniary demand or obligation shall be, or shall purport to be created, increased, discharged or diminished, or by which any rights or property, whatever, shall be or purport to be transferred, conveyed, discharged, diminished, or in any manner affected; and by which forgery, altering or counterfeiting any person may be affected, bound, or in any way injured in his person or property.” (2 R. S., 673, §§ 33, 39.) A certified bank check falls within this statute definition of forgery, and if the defendant uttered such an instrument or writing, knowing the same to be forged, and with intent to defraud, the Recorder was right in his charge, that it was the duty of the jury to convict.
It is true that an indictment should be so certain and precise as to enable the accused to judge whether the facts and circumstances stated constitute an indictable offence: or, to apprise the prisoner of the nature of the offence ^against which he is to prepare his defence, and that he may plead a conviction or acquittal in bar of another indictment. The present indictment informed the accused of the entire instrument which he uttered, or of the precise shape in whiQh he had uttered it, and alleged it to be a false instrument. When, therefore, the evidence came, unobjected to, showing any portion of it false, it seems to me that the accused was brought within all the rights guaranteed to him by the law of criminal pleading. The case of the Rex v. Horwell (6 Carr. & Payne., 148), is *189 not an authority to the contrary. That case turned upon • a peculiarity of the British .statutes. In one count of the indictment the prisoner was charged with uttering a forged bill of exchange, with intent to defraud A B, and setting out the bill and acceptance upon it; and another count stated that the prisoner had a bill in his possession (which was set out) with a "forged acceptance on it (which was also set out), and that he, knowing the acceptance to be forged, uttered the bill. with intent to defraud A B. It was proved that the "acceptance was forged, but there was no evidence to show that the signature of the drawer was not a genuine signature. The counsel for the prisoner said: “ I submit that the prisoner cannot be convicted because the acceptance is no part of the bill within the statute. (1 Will. IV, ch. 66.) The statute has made a distinction between the bill and the acceptance, for it uses both terms.” It is to be observed that part of the count alleged the utterance of a forged bill of exchange, and charged the accused with knowing the acceptance to be forged, and the pleading thus became descriptive by the terms of limitation. The prisoner was convicted,— Gurney, B., reserving the point for the consideration of the fifteen judges, who afterwards held the conviction wrong. Our statute does not distinguish between a draft and an acceptance; but declares that it shall be forgery in the third degree to falsely make, alter, forge or counterfeit “ any instrument or writing being, or purporting to be, the act of another, by which any pecuniary demand or ■ obligation shall be, or purport to be, created,” &c.
The indictment in this case set but the instrument in the precise form in which it was uttered. The prisoner was, therefore, distinctly told what his offence was, and the charge that he must prepare himself to meet, viz.: the forging and uttering a certified bank check. A conviction or acquittal of the offence charged under the indictment could undoubtedly be pleaded in bar of another indictment. It is true there was only affirmative proof that a part of the instrument or writing was false; but that was sufficient to support the *190 proved to have been uttered and published as a true instrument, when it was false in the essential particular which recommended its validity to the taker. There was no force in the claim that the instrument was divisible into parts; nor was there error in the refusal to charge substantially that the signature of the drawer alone could be proven to be false under the indictment, and not the certificate. There was nothing to show the check the act of one party, and the certificate that of another. The indictment charged the prisoner with uttering a writing composed of several parts, but all uniting to make one well recognized commercial instrument, and the proof sustained it.
The judgment of the Supreme Court should be reversed and that of the Court of Sessions affirmed.
Denio, Ch. J., Davies, Rosekrans and Marvin, Js,, concurred.